Rogers, Executor, and others *v.* Brig Osseo and Master.

(*District Court, D. Rhode Island.* July 13, 1880.)

1. Libel for Possession—Transfer of Shares Pending Suit—Amendment—Agreement—Estoppel—Rev. St. § 4250—Charter Party—Demand.

In Admiralty.

*John Eddy,* for libellants.

*Browne & Van Slyck,* for libellees.

Knowles, D. J. This is a cause for possession, civil and maritime, in which the libellants seek to recover possession of the brig Osseo from Frederick B. Loring, who for some eight years has been her master by appointment of successive ship's husbands and owners. The cause was submitted to the court on the sixth and seventh of July, mainly upon written evidence and exhibits; the oral evidence offered being

that of one witness to signatures to certain exhibits, and that of said Loring to the circumstances attending an alleged demand of possession, and to some other points of comparatively little importance.

A detailed statement of all the facts shown and made a subject of elaborate argument seems not necessary. Of these the counsel and parties are already fully informed, and that any other person than they can care to be acquainted with them may well be questioned. My sole aim will be to state, as briefly as may be, the questions raised and discussed at the hearing, with my rulings or conclusions in regard to them.

1. The evidence shows that at the filing of the libel and the seizure of the vessel, on the twenty-eighth of May, the several libellants owned in the aggregate eighteen thirty-seconds of the brig; that afterwards, on the tenth day of June, (the monition not being returnable until the fourteenth,) one of the libellants, George G. Mitchell, sold and conveyed his two thirty-seconds to Olive A. Loring, wife of said Frederick B.; and that afterwards, on the thirtieth of June, one of the libellants purchased one thirty-second of Julia A. Thorpe, and thus increased the number of libellants' shares to seventeen thirty-seconds—a majority.

And in view of this state of facts it was moved on behalf of the libellants, at the call of the cause for hearing, that the libel be amended and made to harmonize with these facts; the learned counsel for the libellees contending, in opposition, that inasmuch as from the tenth to the thirtieth of June the libellants' shares were but sixteen thirty-seconds,—not a majority,—their libel should be dismissed, their after purchase of one thirty-second being irregular and nugatory so far as this suit is concerned.

The determination of this motion was reserved until the close of the hearing, when the parties were heard upon it. And now, after hearing upon all the points raised in the cause, I am constrained to overrule the objection of the libellees and to grant the motion to amend.

In this case both parties seem to have acted upon the assumption that the purchases and transfers of shares, pend-

ing a suit for possession, were allowable, and that the party which, at the final hearing, constituted a majority would be adjudged such by the court's decree.

Why the libellants in such a case should be restricted in this particular, and the libellees not, I fail to find any sufficient reason. This cause, it is to be remembered, is heard in admiralty—under Admiralty Rule No. 24—not in a court of common law.

2. It was shown by the evidence that in December, 1879, a certain instrument, under seal, was signed by the holders of twenty-one thirty-seconds of the brig, in view of which it was contended that each signer thereof was estopped from assigning or transferring his share without "consulting" with the ship's husband therein named; it being further contended that, inasmuch as some of the libellants were signers of this paper, and had, by becoming co-libellants in this suit, violated their covenant, they should not be recognized as share-holders in the inquiry as to the relative number of libellants and libellees. They cannot, it is contended, be treated as parties coming into court with clean hands. And, further still, it was contended that the instrument should be construed and held by the court to be "a valid written agreement subsisting, by virtue of which the master was entitled to possession," within the purview of section 4250 of the Revised Statutes. Of this contention of the libellees it suffices to say that in their view of this instrument, and of its significance and weight, I cannot concur, and of course must overrule the objection.

3. It was shown by the evidence that, on the twenty-first of May, a charter-party was executed by the master (said Lowry) and the brig's husband on the one part, and one Leydon & Co. on the other, in virtue of which the master and owners of the brig were bound to so manage that the brig should be at Machias, Maine, on the fifth of June, ready to load, and that on the day of the seizure, (May 28th,) and four hours before the seizure, a clearance for Machias had been procured from the custom-house officials in Providence; and in view of these facts it was denied, on behalf of the

libellees, that the vessel could be taken from the master and part owner by his co-owners. No pertinent authority, nor any persuasive argument, is submitted in support of this denial, and I adjudge it untenable in law.

And, lastly, it was denied by the answer, and contended at the hearing, that no sufficient demand for possession was made by the libellants prior to the filing of the libel and the seizure of the brig, and that, therefore, upon this ground alone—supposing it to be the only point of defence raised—the court should pronounce for the libellees. To this the libellants make answer—*First,* that by no law or well-settled, invariable practice is it required that a demand of possession be made before a seizure in a cause of possession instituted by the majority owners; and, *second,* that if a demand were necessary the facts in proof, by the captain's testimony and admissions upon the witness stand, and written documents exhibited and referred to, show and prove a demand and refusal, which the court, sitting in admiralty, should adjudge to be, under the circumstances, sufficient as matter of law or matter of fact. In this second answer of the libellants I concur, and thus render it unnecessary to pass upon their first answer.

It results that I must pronounce for the libellants; and, as regards costs, must adjudge that neither party recover costs of the other.